IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01713-KLM

JAMES CRAPNELL,

    Plaintiff,

v.

DILLON COMPANIES, INC., doing business as King Soopers, Inc., and
U.S. REIF GOLDEN COLORADO, LLC,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant U.S. REIF Golden Colorado, LLC's Motion to Set Aside Default Judgment** [#18][1] (the "Motion to Set Aside") and **Plaintiff's Motion to Strike Defendant U.S. REIF Golden Colorado LLC[ ]'s Answer to Plaintiff's Amended Complaint Pursuant to C.R.C.P. 12(f)** [#21] (the "Motion to Strike," collectively with the Motion to Set Aside, the "Motions"). Plaintiff filed a Response to the Motion to Set Aside (the "Set Aside Response") [#26], Defendant filed a Reply (the "Set Aside Reply") [#31] in further support of the Motion to Set Aside, and, without seeking leave of the Court, Plaintiff file a Surreply [#32] (the "Set Aside Surreply"). Defendant filed a Response (the "Strike Response") [#22] to the Motion to Strike and Plaintiff filed a Reply (the "Strike Reply") [#27] in further support of the Motion to Strike. The Court has reviewed the

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

Motions, the Responses, the Replies, the Surreply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, Motion to Set Aside [#18] is **GRANTED** and the Motion to Strike [#21] is **DENIED**.

## I. Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Background

### A.     Procedural Background

Plaintiff initially filed this action in state court on March 27, 2014. *See Verified Complaint* [#1-1] at 9. The original Complaint named only one Defendant, The Kroger Co. d/b/a King Soopers, Inc. *Id.* at 2. On May 15, 2014, Plaintiff filed his Amended Complaint, which added a claim against Defendant U.S. REIF Golden Colorado, LLC ("REIF") and modified the existing Defendant's name to Dillon Companies, Inc. ("Dillon"). *See generally Amended Complaint* [#6]. Plaintiff filed a Return of Service showing that a process server served Defendant REIF through service on The Corporation Service Company on May 15, 2014. *Return of Service* [#1-8] at 1. As a result, on June 13, 2014, the state court entered an order stating the following:

> Plaintiff's motion for default judgment against defendant U.S. REIF Golden Colorado, LLC is granted as to liability only.
>
> Plaintiff may set a hearing on damages and attorney fees. C.R.C.P. 55(b).

*Order: Motion for Default Judgment* [##1-9, 12][2] at 1 (the "Default Order"). That same day, June 13, 2014, Defendant REIF filed its Answer to the Amended Complaint. *See generally*

---

[2] The Default Order was entered on the docket twice, once as an attachment to the Notice of Removal and once as a stand-alone document.

*Answer* [#11]. In its Answer, Defendant REIF asserts a variety of affirmative defenses. *Id.* at 3-4. On June 17, 2014, Plaintiff filed the Motion to Strike. *See generally Motion to Strike* [#21]. On June 19, 2014, Defendant Dillon removed the state court action to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, arguing that the parties are diverse. *Notice of Removal* [#1] at 1. On June 26, 2014, Defendant REIF filed the Motion to Set Aside. *See generally Motion to Set Aside* [#18].

**B.     The Motion to Set Aside**

In the Motion to Set Aside, Defendant REIF argues that the Default Order entered by the state court should be set aside pursuant to Fed. R. Civ. P. 55(c). *Motion to Set Aside* [#18] at 5. Defendant REIF further argues that the factors discussed in *Gilmore v. Carlson*, 72 F.App'x 798, 801 (10th Cir. 2003) (table decision), favor setting aside the Default Order and concludes that pursuant to Rule 55(c) it has shown good cause to set aside the Default Order. *Id.* at 5, 7-11. In support of its position, Defendant REIF alleges that service of process was made on its registered agent on May 15, 2014. *Id.* at 3. It further maintains that even though the "Service of Process Transmittal" from its registered agent to the company that handles its legal process stated that a copy of the Amended Complaint would be sent "via FedEx 2 day," "no copy of [P]laintiff's [A]mended Complaint followed the notice of Service of Process from" the registered agent . . . ." *Id.* As a result, Defendant REIF states that neither it nor its agent for legal process set the deadline for filing its Answer. *Id.* Defendant alleges that on June 5, 2014, an employee of CBRE, its property management company, forwarded a certified letter from counsel for Defendant Dillon that attached the Amended Complaint. *Id.* at 4. Defendant REIF states that it forwarded the Amended Complaint to its insurer, Travelers, and that

> [u]pon information and belief, a representative of Travelers reached out to [P]laintiff's attorney, Gabriel Schwartz upon receipt of the Amended Complaint requesting an extension to file an Answer. Plaintiff's counsel was therefore, aware that there was an intention to defend U.S. REIF prior to the filing of the default motion, or while it was pending.

*Id.* In support of its factual allegations, Defendant REIF attaches three exhibits. First, Defendant provides the Affidavit of Christopher Tully, the Regional Director of the entity that owns Defendant REIF. *Set Aside Motion, Ex. A* [#18-1] (the "Tully Affidavit") ¶ 2. Second, Defendant REIF attaches the Service of Process Transmittal it received from CT Corporation. *See generally Set Aside Motion, Ex. B* [#18-2] (the "Service of Process Transmittal"). Finally, Defendant REIF attaches an email from an employee of CBRE to Mr. Tully dated June 5, 2014. *See generally Set Aside Motion, Ex. C* [#18-3] (the "June 5 Email").

In the Set Aside Response, Plaintiff argues that the Motion to Set Aside should be decided pursuant to Fed. R. Civ. P. 60. *Set Aside Response* [#26] at 3. Plaintiff further argues that Defendant REIF had knowledge of the Amended Complaint prior to entry of the Default Judgment and that Defendant REIF has not "established [that its] complete unresponsiveness was due to mistake, inadvertence, surprise, or excusable neglect . . . ." *Id.* at 7. Plaintiff maintains that even if the lesser standard of Fed. R. Civ. P. 55(c) applies, Defendant REIF "cannot refute [its] own culpability . . . ." *Id.* Plaintiff argues that the facts alleged by Defendant REIF show that it "knew when the Answer to Plaintiff's Amended Complaint was due, had contact information for both the Court and Counsel for Plaintiff, but failed to reach out to either, received two letters from Defendant Dillon, and then failed to provide a timely Answer, and only answered after default judgment had been [entered] by the Court . . . ." *Id.* In support of its factual contentions, Plaintiff attaches a letter from

4

counsel for Defendant Dillon dated May 29, 2014, addressed to Defendant REIF care of CBRE and to Defendant REIF at its address in Boston, Massachusetts, that attaches the Amended Complaint. *See generally Set Aside Response, Ex. 1* [#26-1] (the "May 29, 2014 Letter"). Plaintiff also attaches a Return Receipt for the letter sent to CBRE that shows that the May 29, 2014 Letter sent to CBRE was signed for on June 4, 2014. *See generally Set Aside Response, Ex. 2* [#26-2] (the "Return Receipt").

In the Set Aside Reply, Defendant REIF argues that Fed. R. Civ. P. 55 applies because the motion Plaintiff filed in state court specifically referenced Colo. R. Civ. P. 55(a).[3] *Set Aside Reply* [#31] at 2. Defendant REIF then argues that even if Fed. R. Civ. P. 60 applies, it's delay in filing its Answer was "due to inadvertence, mistake, and/or excusable neglect . . . ." and that the Court should also set aside the Default Order pursuant to Fed. R. Civ. P. 60(b)(6). *Id.* at 5-9. In support of its position, Defendant REIF attaches the Affidavit of Hannah Reininger [#31-1] (the "Reininger Affidavit") in which Ms. Reininger states that she works for Defendant REIF's insurance carrier, Travelers, and that she left voice mail messages for Plaintiff's counsel on June 11 and 12, 2014 regarding Plaintiff's claim against Defendant REIF. *Reininger Aff.* [#31-1] ¶¶ 2, 4-5. Ms. Reininger further states that "Plaintiff's counsel did not return [her] phone calls until June 13, 2014." *Id.* ¶ 7.

Without seeking leave of the Court, Plaintiff filed the Set Aside Surreply [#32]. In the Set Aside Surreply, Plaintiff argues that a representative from Travelers did not contact

---

[3] The Court notes that Plaintiff's motion references Colo. R. Civ. P. 55(a) and 55(b) and the relief requested is entry of a default judgment. *See Default Order* [#1-9] at 2-3 (motion attached to Default Order).

Plaintiff's counsel until after the state court entered the Default Order. *Set Aside Surreply* [#32] at 2.

**C.     The Motion to Strike**

In the Motion to Strike, filed by Plaintiff in the state court before this case was removed, Plaintiff argues that the Answer to the Amended Complaint filed by Defendant REIF should be stricken pursuant to Colo. R. Civ. P. 12(f). *Motion to Strike* [#21] at 1. Plaintiff maintains that the state court resolved the issue of liability through the Default Order, therefore, Defendant REIF's "denial thereof [through its Answer] is redundant, immaterial and impertinent to the only issue remaining for the Court's determination[:] damages." *Id.* at 3. At the time it filed the Motion to Strike, Defendant REIF had not yet filed the Set Aside Motion, accordingly Plaintiff further argues that Defendant REIF has not challenged the Default Order and that "Defendant REIF is barred from alleging defenses relating to damages in [its] Answer, as [the] Answer was untimely, thus rendering those defenses immaterial, impertinent and redundant." *Id.* Plaintiff maintains that it will be prejudiced if the Court does not strike Defendant REIF's Answer because it will generate "unnecessary attorney fees and costs [and] divert[ ] judicial resources away from the substantive issues in this case." *Id.*

In the Strike Response, filed after the case was removed to this Court, Defendant REIF incorporates by reference the arguments set forth in the Set Aside Motion "[b]ecause [P]laintiff's Motion to Strike is based entirely on the Order Granting Default Against U.S. REIF . . . ." *Strike Response* [#22] at 2. It argues that pursuant to either Colo. R. Civ. P. 12(f) or its federal counterpart, Fed. R. Civ. P. 12(f), the Motion to Strike should be denied. *Id.* at 1. Defendant REIF maintains that "[P]laintiff will not be prejudiced by setting aside

the" Default Order and that it "has asserted meritorious defenses" in its Answer. *Id.* at 4.

In the Strike Reply, Plaintiff argues that Defendant REIF's Answer should be struck pursuant to Fed. R. Civ. P. 12(f), because the Answer "is redundant, immaterial, and impertinent." *Strike Reply* [#27] at 2. Plaintiff also maintains that the Answer is untimely. *Id.*

### III.  Analysis

As an initial matter, the Court's analysis is governed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(c) (explaining that the federal rules of civil procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."); *Jenkins v. MTGLQ Investors*, 218 F.App'x 719, 724 (10th Cir. 2007) (table decision) (citing to Fed. R. Civ. P. 81(c)). Further, pursuant to 28 U.S.C. § 1450, the Court has authority to vacate the state court's Default Order. 28 U.S.C. § 1450 ("Whenever any action is removed from a State court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."). As the Supreme Court of the United States has explained, Section 1450 impliedly recognizes a "district court's authority to dissolve or modify injunctions, orders, and all other proceedings had in state court prior to removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974).

The Court first considers Defendants' Motion to Set Aside filed pursuant to Fed. R. Civ. P. 55(c) because resolution of that motion will inform the Court's analysis of the Motion to Strike.

**A.     Motion to Set Aside**

The parties disagree about which rule governs the Court's analysis of the Motion to Set Aside.  This disagreement likely relates to both the language in the Default Order and to confusion regarding the process for entry of default and default judgment.  Both the Colorado Rules of Civil Procedure and the Federal Rules of Civil Procedure contemplate a two-step process for entry of default judgment.  *Williams v. Smithson*, 57 F.3d 1081, at *1 (10th Cir. June 20, 1995) (table decision); *U.S. Commodity Futures Trading Com'n v. Trimble*, Civil Action No. 11-cv-02887-PAB-KMT, 2013 WL 317576, at *1 (D. Colo. Jan. 28, 2013).  First, the party seeking a default judgment must request an entry of default from the clerk of the court under Fed. R. Civ. P. 55(a) or Colo. R. Civ. P. 55(a).  *Id.*  After default has been entered by the clerk, the party may seek default judgment pursuant to Fed. R. Civ. P. 55(b) or Colo. R. Civ. P. 55(b).  *Id.*  Fed. R. Civ. P 55(c) and its Colorado equivalent, Colo. R. Civ. P. 55(c), each allow an entry of default to be set aside "for good cause," and allow a default judgment to be set aside pursuant to the respective Rule 60(b).  Therefore, the Court must determine if the Default Order should be treated as an entry of default under Colo. R. Civ. P. 55(a) or a default judgment under Colo. R. Civ. P. 55(b) in order to determine which standard to apply when considering the Motion to Set Aside.

In this case, Plaintiff filed a motion in the state court seeking default judgment and the state court judge entered the Default Order stating:

> Plaintiff's motion for default judgment against defendant U.S. REIF Golden Colorado, LLC is granted as to liability only.
>
> Plaintiff may set a hearing on damages and attorney fees.  C.R.C.P. 55(b).

*Default Order* [#1-9] at 1.  Notably, the Default Order stated that a hearing to determine

damages must be held.  The court cited to Colo. R. Civ. P. 55(b), which, in part, states:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.

Colo. R. Civ. P. 55(b).  This reservation of the determination of damages under Colo. R. Civ. P. 55(b) indicates that the state court intended to reserve entry of default judgment under Colo. R. Civ. P. 55(b) until after a hearing regarding damages was held.

Further, the court's granting of Plaintiff's motion as to liability only also supports the Court's understanding that the Default Order was an entry of default, not entry of a default judgment.  The Colorado Supreme Court has made clear that "the entry of default applies only to the issues of petitioner's liability.  Under Colo. Rev. Civ. P. 55(b)(2), the trial court will be required to conduct a hearing to determine the amount of damages, if any."  *Snow v. Dist. Ct. In and For City and Cnty. of Denver, Second Judicial Dist.*, 572 P.2d 475, 476 (Colo. 1977).  Therefore, here, like in *Singh v. Mortenson*, 30 P.3d 853 (Colo. App. 2001), even though the state court judge, not the clerk of the court, entered the Default Order, it appears to be an entry of default entered pursuant to Colo. R. Civ. P. 55(c).

Finally, neither party filed any document on the docket showing that the first step of the process required both under Colorado law and under the Federal Rules of Civil Procedure, entry of default, was competed prior to the court's entry of the Default Order. Defendant Dillon filed the Register of Action from the state court lawsuit and the Court's review of it reveals no evidence of an entry of default prior to Plaintiff filing the motion addressed in the Default Order.  *See generally Register of Actions* [#20].  The absence of any proof that Plaintiff complied with the first step of the two-step process lends further

support to the Court's conclusion that the Default Order was an entry of default, not a default judgment. An alternative interpretation of the Default Order would render it void. As noted above, both Colorado law and the Federal Rules of Civil Procedure require entry of default prior to entry of a default judgment. Colo. R. Civ. P. 55(a); Fed. R. Civ. P. 55(a); *see also Adams v. ModernAd Media, LLC*, No. 12-cv-00513-PAB-MEH, 2012 WL 3039061, at *2 (D. Colo. July 25, 2012) (denying the plaintiff's motion for default judgment because "plaintiff did not seek an entry of default from the Clerk of the Court.").

Because the Court concludes that the Default Order was an entry of default, the Court will consider the Motion to Set Aside under Fed. R. Civ. P. 55(c), which states that a "court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).

In determining whether to vacate the entry of default for good cause, the Court may consider the following factors: (1) whether the Defendant's culpable conduct led to the default; (2) whether the Plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the Defendant has a meritorious defense. *See Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995) (table decision) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The Court need not consider each of these factors and may consider other factors in its discretion. *Id.* Guiding the Court's analysis is the principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts"). It is, however, within the Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency. *See Gomes*, 420 F.2d at 1366.

### 1.     Culpable Conduct

"Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *United States v. Timbers Pres., Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (citing 6 James W. Moore et al., Moore's Federal Practice ¶ 55.10[1] (2d ed.1992)), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820, 825 (1996); see also United States v. $285,350.00 in U.S. Currency, 547 F.App'x 886, 887 (10th Cir. 2013) (unpublished decision).  Conversely, an unintentional or good faith mistake is not considered culpable conduct for the purposes of Rule 55(c).  *See id.*; *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (describing "culpable conduct" as "intentionally" failing to answer, or acting in bad faith in order to take advantage of the opposing party, to interfere with judicial decision making, or otherwise trying to manipulate the legal process).  Further, a party's prompt motion to set aside an entry of default serves to mitigate any culpability that may exist.  *Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs., Inc.*, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (citing *Savin Corp. v. C.M.C. Corp.*, 98 F.R.D. 509, 51011 (N.D. Ohio 1983) (finding that a mistaken delay in response was not willful because the defendant "expeditiously moved to remedy his mistake")); *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008).

In this case Plaintiff argues that Defendant REIF had knowledge of the Amended Complaint prior to entry of the Default Order and that Defendant REIF has not "established [that its] complete unresponsiveness was due to mistake, inadvertence, surprise, or excusable neglect . . . ." *Set Aside Response* [#26] at 7.  Plaintiff further maintains that the facts alleged by Defendant REIF show that it "knew when the Answer to Plaintiff's

11

Amended Complaint was due, had contact information for both the Court and Counsel for Plaintiff, but failed to reach out to either, received two letters from Defendant Dillon, and then failed to provide a timely Answer, and only answered after default judgment had been [entered] by the Court . . . ." *Id.*

Defendant REIF does not dispute that service of process was made on its registered agent on May 15, 2014. *Motion to Set Aside* [#18] at 3. Instead, it argues that even though the "Service of Process Transmittal" from its registered agent to the company that handles its legal process stated that a copy of the Amended Complaint would be sent "via FedEx 2 day," "no copy of [P]laintiff's [A]mended Complaint followed the notice of Service of Process from" the registered agent . . . ." *Id.* As a result, Defendant REIF states that neither it nor its agent for legal process set the deadline for filing its Answer. *Id.* In essence, Defendant REIF argues that its failure to file its Answer by the deadline was simply a mistake. Its position is that while it received notice of the Amended Complaint on May 15, 2014, it did not receive a copy of the Amended Complaint until several weeks later.

The evidence presented by the parties shows that while the May 29, 2014 Letter [#26-1] was mailed to Defendant REIF and received by CBRE on June 4, 2014, *see Return Receipt* [#26-2] at 1, the following day, CBRE forwarded the May 29, 2014 Letter to Defendant REIF with an email stating: "The answer date was 6/3 but I just got it today." *June 5 Email* [#18-3] at 1. Upon receipt of the June 5 Email, Defendant REIF moved quickly to file an Answer to the Amended Complaint. In fact, it filed its Answer on June 13, 2014, the same day the Default Order was entered. *See generally Answer* [#11]. It, therefore, appears that, while Defendant REIF could have affirmatively reached out to its registered agent following receipt of the Service of Process Transmittal to obtain a copy of

the Amended Complaint, "Defendant [REIF]'s failure to timely respond or otherwise answer was not a willful or a flagrant disregard of the state court's authority."  *See Apex Mobility Transp., LLC v. First Transit, Inc.*, No. 14-cv-02645-REB-MEH, 2015 WL 59553, at *2 (D. Colo. Jan. 2, 2015) (citing *Timbers Preserve*, 999 F.2d at 454).  In addition, Defendant REIF filed the Motion to Set Aside one week after the case was removed to this Court.  Accordingly, the Court finds that Defendant REIF's actions do not support a finding of culpable conduct.

### 2. Prejudice to Plaintiff

As in the analysis of culpable conduct, prejudice to the plaintiff is also mitigated where the defendant acted quickly to remedy the mistake.  *See Apex Mobility*, 2015 WL 59553, at *3 (finding no prejudice to the plaintiff "because Defendant moved to vacate the entry of default within two weeks of the Clerk's entry of default . . . ."); *Procom Supply, LLC v. Langner*, No. 12-cv-00391-MSK-KMT, 2012 WL 2366617, at *3 (D. Colo. June 21, 2012) (finding no prejudice in setting aside entry of default when the defendant filed a motion for relief three days after default was entered); *Zen & Art*, 2006 WL 1883173, at *3 (finding no prejudice where counsel entered an appearance seven days after the entry of default and filed a motion for relief ten days after default was entered).  Further, as this Court recently explained,

> "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (citation omitted).  Prejudice is established when a plaintiff's "ability to pursue the claim has been hindered . . . [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F.App'x 519, 523-24 (3d Cir. 2006) (citation and quotation marks omitted).

*SecurityNational Mortgage Co. v. Head*, No. 13-cv-03020-PAB-BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014).

In the briefing of the Motion to Set Aside Plaintiff does not argue that it will be prejudiced.  However, Plaintiff argues that it will be prejudiced if the Motion to Strike is not granted, because allowing the Answer to stand will generate "unnecessary attorney fees and costs [and] divert[ ] judicial resources away from the substantive issues in this case." *Motion to Strike* [#21] at 3.  As the Court noted in *Procom Supply*, "[al]though Plaintiff's time and court costs in drafting and filing the motion for default judgment and response to [Defendant]'s motion could have been avoided, all other pre-trial and trial actions would not have been avoided had Defendant [ ] followed the Rules of Civil Procedure." *Procom Supply*, 2012 WL 2366617, at *3.  Here, Defendant moved quickly to remedy its mistake and Plaintiff can point to no prejudice other than his costs spent moving for the Default Order and briefing the instant Motions.  In such a circumstance, the Court is empowered to impose conditions on the grant of a motion to set aside a default.  *SecurityNational*, 2014 WL 4627483, at *4 (requiring the defendants to pay the reasonable attorney's fees and costs incurred by the plaintiff in moving for entry of default and opposing the motion to set aside the entry of default); *Adams v. Robinson Outdoor Prods., LLC*, No. 12–cv–03237–RBJ, 2013 WL 1412332, at *3 (D. Colo. Apr. 8, 2013) (requiring the defendant to pay $1,375.00 in reasonable attorney's fees and costs incurred in filing the entry of default as a condition of setting aside entry of default); *Procom Supply*, 2012 WL 2366617, at *4; *Archer v. Darling*, No. 09-cv-01988-PAB-KMT, 2011 WL 63634, at *3 (D. Colo. Jan. 7, 2011); *see* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2700 (2010) (prejudice caused by "additional expense" can be

"eased by requiring the defaulting party to . . . pay court costs"); *see also Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) ("The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead."); *cf. Dennis Garberg & Assocs., Inc.*, 115 F.3d at 775 (recognizing that district courts are afforded "imaginative and flexible use of power to impose conditions on the granting of relief from a default judgment"). Accordingly, the Court concludes that any prejudice Plaintiff may have suffered as a result of Defendant REIF's delay in responding to the Amended Complaint can be mitigating by requiring Defendant REIF to pay the reasonable attorney's fees and costs incurred by Plaintiff in seeking the Default Order and briefing the instant Motions.

### 3.    **Meritorious Defenses**

In determining whether a defendant has sufficiently meritorious defenses to set aside an entry of default, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense in the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir.1978); *Signed Pers. Check No. 730*, 615 F.3d at 1094 (noting that "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense").

In this case Defendant asserts several affirmative defenses. For example, Defendant alleges that Plaintiff failed to mitigate his damages; that his claim is barred or reduced by his assumption of risk; and that Plaintiff's injuries are attributable to a third party's actions over which Defendant REIF did not have control. *Answer* [#11] at 3. However, it is problematic that in its Answer Defendant REIF relies on general denials of

Plaintiff's factual allegations. *See generally id.* In support of the Motion to Set Aside, Mr. Tully states that Defendant REIF "sold [its] interest in the property to" a third party on November 22, 2013. *Tully Aff.* [#18-1] ¶ 4. It is unclear how the sale of the property a few weeks after Plaintiff's injury was allegedly sustained impacts Defendant REIF's alleged liability. However, the fact that there is a co-Defendant in this case that manages a grocery store in the space owned by Defendant REIF, *Am. Compl.* [#6] ¶¶ 4-5, 12, indicates that at least some of Defendant REIF's affirmative defenses may reduce or eliminate its potential liability. Furthermore, "because the Court finds that two of the three factors tip in favor of granting the [Motion to Set Aside], the Court need not address the third factor in order to determine that good cause exists to set aside the entry of default." *Apex Mobility*, 2015 WL 59553, at *3.

For the reasons, stated above, the Court **grants** the Motion to Set Aside [#18] for good cause shown.

**B.     Motion to Strike**

As discussed above, the Motion to Strike is based on Plaintiff's argument that the Default Order renders Defendant REIF's Answer "redundant, immaterial, impertinent, or scandalous" pursuant to Colo. R. Civ. P. 12(f). *Motion to Strike* [#21] at 2. Because the Court has determined that the Default Order should be set aside, Plaintiff's argument fails. Accordingly, the Court **denies** the Motion to Strike [#21].

### IV.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion to Set Aside [#18] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Default Order [##1-9, 12] is **SET ASIDE** pursuant to Fed. R. Civ. P. 55(c).

IT IS FURTHER **ORDERED** that Defendant REIF shall pay the reasonable attorney's fees and costs incurred by Plaintiff in moving for the entry of default, opposing the Motion to Set Aside, and filing the Motion to Strike. Plaintiff and Defendant REIF shall endeavor to reach a stipulation regarding a reasonable amount and shall seek imposition of the award by joint motion on or before **February 20, 2015**. If the parties are unable to reach a stipulation, Plaintiff shall file, on or before **February 20, 2015**, a motion for attorney's fees and costs pursuant to D.C.COLO.LCivR 54.3. Defendant REIF may file a response to that motion on or before **March 6, 2015**. No reply will be permitted.

IT IS FURTHER **ORDERED** that the Motion to Strike [#21] is **DENIED**.

Dated: January 23, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge