IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01713-KLM

JAMES CRAPNELL,

    Plaintiff,

v.

DILLON COMPANIES, INC., doing business as King Soopers, Inc., and
U.S. REIF GOLDEN COLORADO, LLC,

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff James Crapnell['s] Motion to Amend Complaint** [#56][1] (the "Motion"). In the Motion, Plaintiff states "this motion is opposed by Defendant US REIF Golden Colorado LLC . . . and Defendant Dillon Companies, Inc. d/b/a King Soopers, Inc. . . . takes no action, but reserves the right to object after reading the motion as filed." *Motion* [#56] at 1. However, the deadline to respond to the Motion has elapsed and no Defendant has filed a response or sought extension of that deadline. "[T]he Court construes their lack of response as indicating they no longer oppose the relief requested." *State Farm Mut. Auto. Inc. Co. v. Fisher*, No. 08-cv-01687-REB-MEH, 2009 WL 1586921, at *2 (D. Colo. June 3, 2009) (adjudicating motion to amend scheduling order).

    As a preliminary matter, the Civil Scheduling Order governing this case provides that the deadline for joinder of parties and amendment of pleadings was April 19, 2015. *Civil Sched. Order* [#45] § 9(b). Plaintiff initially sought leave to amend his claims on April 17, 2015 [#51], but that motion was denied without prejudice on April 22, 2015 for failure to comply with a Local Rule. *Minute Order* [#53] at 1. Notably, Plaintiff's stricken filing was filed before the deadline for amending a pleading set in the Civil Scheduling Order. However, the Motion, filed the day following the Court's April 22, 2015 Minute Order [#53] denying his first motion seeking the same relief, was filed after the April 19, 2015 deadline.

---

[1] "[#56]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

1

However, the Court construes the Motion as timely filed because Plaintiff attempted to amend his claims prior to expiration of the deadline and, after that filing was stricken, he immediately took steps to correct the error explained in the Court's Minute Order. *See W. Capital Partners LLC v. First Am. Title Ins Co.*, No. 14-cv-00454-WJM-KLM, 2014 WL 7251631, at *1 (D. Colo. Dec. 19, 2014) ("However, in this case, the Court construes Plaintiff's request for amendment as timely because Plaintiff timely filed the Motion, although without the proper attachment, and immediately took steps to correct this error."). Accordingly, because the Motion was timely filed. The Court considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Motion, Plaintiff states that he seeks leave to amend to add a new defendant based on information disclosed to him by Defendants in this action. *Motion* [#56] at 3-4. In these circumstances, the Court finds that leave to amend should be granted pursuant to Fed. R. Civ. P. 15(a)(2). Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#56] is **GRANTED**.

    IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Second[2] Amended Complaint [#56-2] for filing as of the date of this Order.

    IT IS FURTHER **ORDERED** that Defendants who have been served shall answer or otherwise respond to the Third Amended Complaint in accordance with Fed. R. Civ. P. 15(a)(3).

    IT IS FURTHER **ORDERED** that after the newly added Defendant is served with the Second Amended Complaint, it shall respond to the Second Amended Complaint in accordance with the Federal Rules of Civil Procedure.

    Dated: June 10, 2015

---

[2] Plaintiff titles the proposed document "Plaintiff's Third Amended Complaint." However, the docket reflects the filing of an original Complaint [#4] and an Amended Complaint [#6]. Accordingly, the document is Plaintiff's Second Amended Complaint.