IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01713-KLM

JAMES CRAPNELL,

    Plaintiff,

v.

DILLON COMPANIES, INC., doing business as King Soopers, Inc.,
U.S. REIF GOLDEN COLORADO, LLC, and
CBRE, Inc.,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Attorney's Fees and Costs** [#38][1] (the "Motion"). Defendant U.S. REIF Golden Colorado, LLC ("REIF") filed a Response [#47]. Further briefing was not allowed. *Order* [#33] at 17. As a result, the Motion is ripe for resolution. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#38] is **GRANTED in part** and **DENIED in part.**

                             **I.    Background**

    On January 23, 2015, the Court granted Defendant REIF's Motion to Set Aside Default Judgment [#18], setting aside the entry of default entered in the state court before

---

[1] "[#38]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

this action was removed, and ordered that "Defendant REIF shall pay the reasonable attorney's fees and costs incurred by Plaintiff in moving for the entry of default, opposing the Motion to Set Aside, and filing the Motion to Strike." *Order* [#33] at 17.

Because the parties were unable to reach a stipulation regarding a reasonable amount of fees and costs, Plaintiff filed the instant Motion. Plaintiff seeks attorneys' fees totaling $12,457.25 and costs totaling $97.80 relating to the entry of default in state court and the motions discussed in the January 23, 2015 Order. *Motion* [#38] at 3. Plaintiff attaches the following documents in support of the Motion: (1) the Sworn Affidavit of Gabriel Schwartz [#38-1], regarding his work on behalf of Plaintiff; (2) the Sworn Affidavit of Alexandrea Everson [#38-2]; (3) the Sworn Affidavit of Thomas Merz [#38-3]; and (4) the Sworn Affidavit of Gabriel Schwartz [#38-4] (the "Costs Affidavit"), regarding costs incurred on behalf of Plaintiff.

Defendant REIF argues that Plaintiff does not provide sufficient information to support the amount he requests. *Response* [#47] at 7. Specifically, Defendant REIF avers that the records are not "meticulous," and "do not appear" to have been "made contemporaneous [sic] with the work preformed." *Id.* In addition, Defendant REIF argues that the reasonable market rate for the services provided by Plaintiff's attorneys "is no more than $200 per hour." *Id.* at 8. Defendant REIF then reviews the description of the work performed by Plaintiff's attorneys and argues that specific time entries are unreasonable. *Id.* at 8-13. Finally, Defendant REIF argues that the time billed for Mr. Merz's work, a paralegal, should not be included because it is not "attorney" time. *Id.* at 13-14. With regard to the costs sought, Defendant REIF argues that the documents submitted do not support the amounts sought. *Id.* at 14. Defendant REIF also notes that Plaintiff appears

to be seeking costs for accessing CM/ECF after the completion of the briefing on the motions discussed in the Court's January 23, 2015 Order [#33]. *Id.* at 14-15.

## II. Standard

To determine a reasonable fee request, the Court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable. *Homeward Bound, Inc. v. Hissom Mem'l Ctr.*, 963 F.2d 1352, 1355 (10th Cir. 1992). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

## III. Analysis

### A.   Hourly Rate

Both implicit in any award of attorneys' fees, and explicit in the award in the instant case, is the requirement that any such fees must be *reasonable.*  *Order* [#33] at 17 ("Defendant REIF shall pay the reasonable attorney's fees and costs incurred by Plaintiff in moving for the entry of default, opposing the Motion to Set Aside, and filing the Motion to Strike."); *see Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (party requesting attorneys' fees has burden to "prove and establish the reasonableness of each dollar, each hour, above zero"); *Robinson*, 160 F.3d at 1281 (prevailing party must make good faith effort to exclude from a fee request any excessive, redundant or otherwise

unnecessary hours). A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy his burden, Plaintiff must produce "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Unless the subject of the litigation is so unusual or requires such special skills that only an out-of-state lawyer possesses, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Bangerter*, 61 F.3d at 1510.

Plaintiff requests attorneys' fees calculated at the rate of $350 per hour for Mr. Schwartz, *Motion* [#38] at 2; $275 per hour for Ms. Everson, *id.*; and paralegal fees at the rate of $120 per hour for Mr. Merz. *Id.* at 3. In support of his attorneys' and paralegal's hourly rates, Plaintiff states that Mr. Schwartz graduated from law school in 2004, he is a founding partner of the Law Offices of Sandomire and Schwartz, and he has over ten years of experience representing personal injury plaintiffs. *Id.* at 2. With respect to Ms. Everson, Plaintiff states that she "is an Associate Litigation Attorney and has had experience litigating dozens of cases." *Id.* Plaintiff does not provide any information regarding Ms. Everson's date of admission to any bar or her date of graduation from law school. With regard to Mr. Merz, Plaintiff states that he has a degree in "Paralegal studies with Honors"

and "has assisted attorney's [sic] in litigating dozens of cases." *Id.* at 3.

The Court notes that there has been no showing that the services provided in this case were so "unusual" or "special" to require out-of-state counsel. *Bangerter*, 61 F.3d at 1510. Thus, the Court will calculate fees based on prevailing rates in the Denver metropolitan area. *See Scadden v. Weinberg, Stein & Assoc., LLC*, No. 12-cv-02454-PAB-MEH, 2013 WL 1751294, at *5 (D. Colo. Apr. 23, 2013). Plaintiff offers no argument regarding the prevailing rates for attorneys representing plaintiffs in slip-and-fall cases in the Denver area. *See* Sched. Order [#45] § 3(a) (explaining that Plaintiff's claims stem from an incident when "he tripped on the curb or some other object and fell to the ground" while "discard[ing] items into the trash can" at a King Soopers grocery store). "If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, 'in its discretion, use other relevant factors, including its own knowledge, to establish the rate.' A district judge may consider his or her 'own knowledge of prevailing market rates as well as other indicia of a reasonable market rate.'" *Reichers*, 2013 WL 6096136, at *3 (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006)). In a similar context, representation of plaintiffs bringing claims under the Fair Debt Collection Practices Act ("FDCPA"), this Court recently found that "[t]he weight of authority establishes that the prevailing rate in Colorado is $200-$250 per hour for attorneys representing clients in FDCPA cases, depending on the attorneys' experience." *Villanueva v. Account Discovery Sys., LLC*, --- F.Supp.3d ---, No. 14-cv-00395-WYD-KLM, 2015 WL 148965, at *16 (D. Colo. Jan. 12, 2015). Based on the Court's experience and in the absence of any information from Plaintiff regarding the prevailing market rate in the Denver area for attorneys representing plaintiffs in this type of case, the Court finds that $200-$250 per

hour is a reasonable rate for Plaintiff's attorneys. *See Home Loan Investment Co. v. St. Paul Ins. Co.*, --- F.Supp.3d ---, 2014 WL 6723965, at *6-7 (D. Colo. Nov. 25, 2014) (discussing the prevailing rates for attorneys in Colorado).

Because Mr. Schwartz "has had over ten years of experience," *Motion* [#38] at 2, the Court finds that a reasonable hourly rate for his work is $250. *See Scadden*, 2013 WL 1751294, at *6 (concluding that $250 per hour is a reasonable hourly rate in this district for an attorney with ten years of experience). The Court has not been provided with any information regarding Ms. Everson's experience other than that she "has had experience litigating dozens of cases." *Motion* [#38] at 2.[2] Therefore, the Court finds that the low-end of the reasonable rate discussed above, $200 per hour, is appropriate.

With regard to Mr. Merz, the Court finds Defendant REIF's argue that a paralegal's time should not be included unpersuasive. Awards of attorneys' fees and costs routinely include time billed by paralegals. *See, e.g., Phillips v. Luckygunner, LLC*, No. 14-cv-02822-RPM, 2015 WL 3799574, at *6-8 (D. Colo. June 17, 2015); *Home Loan*, 2014 WL 6723965, at *7 (stating that the reasonable hourly rate for a paralegal in Colorado is $100-$110). As noted above, Plaintiff simply states the Mr. Merz "has received an Associate's degree in Paralegal studies with Honors." *Motion* [#38] at 3. Therefore, the Court does not know when Mr. Merz received his degree or any other special circumstances that would justify

---

[2] D.C.COLO.LCivR 54.3 requires that "a motion for attorney fees shall be supported by [an] affidavit" and the "motion shall include the following for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience . . . ." With regard to the fees requested for work performed by Ms. Everson, it is questionable whether Plaintiff has complied with this rule. However, because Plaintiff provided *some* information regarding her experience, the Court will not deny Plaintiff's request for attorney fees for Ms. Everson's time outright, but notes that in the future Plaintiff's attorneys should provide more detailed information regarding their qualifications.

his $120 billing rate given that the Court recently reaffirmed that "the average, reasonable rate" for paralegals in Colorado is $100-$110, *Home Loan*, 2014 WL 6723965, at *7, and the Consumer Law Attorney Fee Survey lists the median paralegal rate for all paralegals in the Western region as $99. *See Rodriquez v. Luchey & Mitchell Recovery Solutions, LLC*, 2013 WL 6068458, at *2 (D. Colo. Nov. 18, 2013); *Scadden*, 2013 WL 1751294, at *6; *see* Ronald L. Burdge, United States Consumer Law Attorney Fee Survey Report 2010-2011 at 42, available at www.nclc.org/images/pdf/litigation/fee-survey=report-2010-2011.pdf. Therefore, the Court finds that a reasonable rate for Mr. Merz is $100 per hour.

**B.      Number of Hours**

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinally be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n.4 (1987). It is Plaintiff's burden "to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986) (quotations omitted). "The Supreme Court, recognizing that not all hours expended in litigation are normally billed to a client, noted that an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked." *Malloy*, 73 F.3d at 1018. Further, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, . . . [h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley,* 461 U.S. at 434 (emphasis in original and citation omitted).   Hence, the Court has a "corresponding obligation to exclude hours 'not

reasonably expended' from the calculation." *Malloy*, 73 F.3d at 1018.  A court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement.  *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).  A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering.  *Id.*  Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses.  *Ramos*, 713 F.2d at 553.

In reaching a determination the Court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. ---, 131 S.Ct. 2205, 2216 (2011); *Malloy*, 73 F.3d at 1018 ("the district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation'" (citation and internal quotation marks omitted)).

Here, after a thorough review of the briefs, the billing records, the affidavits, and the pleadings filed in this case, the Court agrees with Defendant REIF that many of the billing entries provided by Plaintiff are unreasonable.  For example, on July 23, 2014, Ms. Everson billed 1.25 hours for time spent conferring with Mr. Schwartz regarding an extension and drafting Plaintiff's Unopposed Motion for an Extension of Time [#24], a document that consists of less than two pages of double-spaced text.  An attorney with very little

experience could have drafted the motion in less time.  Further, as Defendant REIF argues, the extension motion was filed by Plaintiff because he did "not have adequate time to prepare or file a Response or Reply to" certain motions.  *Plaintiff's Unopposed Motion for an Extension of Time* [#24] at 2.  The Court's award of fees was not intended to allow Plaintiff to seek fees tangentially related to the two motions addressed in the Court's January 23, 2015 Order that were necessitated by Plaintiff's actions or lack thereof.  Another glaring example is the time billed for work relating to Plaintiff's Motion to Strike Defendant U.S. REIF Golden Colorado LLC.'s Answer to Plaintiff's Amended Complaint Pursuant to C.R.C.P. 12(f) [#21], one of the two motions addressed in the Court's January 23, 2015 Order.  Mr. Schwartz billed one hour for reviewing and editing the motion and Ms. Everson billed two hours for drafting and finalizing the motion.  The motion consists of two pages of substance and cites to no case law.  It is therefore hard to understand why these two attorneys spent three hours combined working on the motion.  The billing relating to the reply [#27] filed in response to the motion to strike is also troubling.  The reply [#27] is double-spaced and consists of fewer than three pages of substantive text.  Like the motion to strike, the reply does not cite to any case law.  However, the following entries purport to relate to work performed on this filing:

| Attorney | Date | Description | Time Billed |
| --- | --- | --- | --- |
| Ms. Everson | 7/23/2014 | Began Drafting Reply to Response to Motion to Strike | 3.5 |
| Mr. Schwartz | 7/25/2014 | Review and edit Reply and Respon [sic] and Conf. AE | 1 |
| Ms. Everson | 7/25/2014 | Continued and Finalized Reply | 2.5 |

| Attorney | Date | Description | Time Billed |
|---|---|---|---|
| Ms. Everson | 7/30/2014 | Continued Response and conducted additional research | 4.25 |
| Mr. Schwartz | 7/30/2014 | Review and edit Reply and Respon [sic] and Conf. AE | 1.5 |
| Ms. Everson | 7/30/2014 | Finalized both Reply and Response, Prepped for Filing | 3 |

These time entries are clearly excessive and unreasonable given the length and content of the reply. In fact, they are so excessive that they are offensive to the Court. These and other excessive and duplicative entries abound in this case. The Court ordered that Plaintiff would be awarded "the reasonable attorney's fees and costs incurred by Plaintiff in moving for the entry of default, opposing the Motion to Set Aside, and filing the Motion to Strike," *Order* [#33] at 17, in order to mitigate any potential prejudice to Plaintiff. *Id.* at 14-15. That award was not an opportunity for Plaintiff to submit bills that are not justified in order to squeeze money out of Defendant REIF.

The Court further notes that Plaintiff seeks fees for time spent reviewing the Court's January 23, 2015 Order and billing time. Such fees were not awarded by the Court.

As noted above, the Court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 563 U.S. ---; *Malloy*, 73 F.3d at 1018 ("the district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation'"

(citation and internal quotation marks omitted)).  Accordingly, after a review of the documents filed in this case and the work performed by Plaintiff's attorneys, the Court concludes that Plaintiff should be awarded attorneys' fees for 2 hours of work performed by Mr. Schwartz at the rate of $250 per hour; 6 hours of work performed by Ms. Everson at the rate of $200 per hour; and 4 hours of work performed by Mr. Merz at the rate of $100 per hour.  This results in $2,100 in total fees.

**C.    Costs**

Defendant REIF challenges Plaintiff's request for $97.80 in costs.  Defendant REIF argues that the Costs Affidavit [#38-4] does not provide an explanation that would allow the Court to determine which, if any, of the CM/ECF and ICESS charges relate to the motions discussed in the Court's January 23, 2015 Order.  The Court agrees.  For example, the CM/ECF records indicate that on July 24, 2014, someone from Plaintiff's counsel's office was charged for accessing almost every document on the docket as of that date.  *Costs Affidavit* [#38-45] at 4-5.  This includes the consent form and notices of entry of appearance. *Id.* at 5.  Again, it is Plaintiff's burden to justify the fees and costs requested. *Jane L.*, 61 F.3d at 1510 (citation omitted).  Plaintiff has failed to meet that burden here because he simply submitted a printout of every CM/ECF and ICESS charge incurred in litigating this case, including charges incurred after the Court awarded fees.  *Costs Affidavit* [#38-4] at 10 (including CM/ECF charges incurred in February 2015).  As a result, the Court will not award any costs to Plaintiff.

**IV. Conclusion**

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#38] is **GRANTED in part** and **DENIED in part**.

IT IS FURTHER **ORDERED** that in accordance with the Court's January 23, 2015 Order [#33], Defendant REIF shall pay Plaintiff **$2,100 in attorneys' fees**, incurred by Plaintiff in moving for the entry of default, opposing the Motion to Set Aside [#18], and filing the Motion to Strike [#21].

Dated: July 22, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge