IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01713-KLM

JAMES CRAPNELL,

    Plaintiff,

v.

DILLON COMPANIES, INC., doing business as King Soopers, Inc., and
U.S. REIF GOLDEN COLORADO, LLC,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants U.S. REIF Golden Colorado, LLC ("U.S. REIF") and C.B. Richard Ellis, Inc.'s ("CBRE") **Motion for Leave to File a Third Party Complaint Against Litter Management Services, Inc.** [#111][1] ("Motion"). Defendant Dillon Companies, Inc., ("Dillon") has filed a Response [#120], and Defendants U.S. REIF and CBRE have filed a Reply [#121]. Plaintiff has not responded. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Motion [#111] is **DENIED**.

**I. Background**

Plaintiff initially filed this action in state court on March 27, 2014. *See Verified*

---

[1] "[#111]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

*Complaint* [#1-1] at 9.  On June 19, 2014, Defendant Dillon removed the state court action to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.  *Notice of Removal* [#1]. On June 10, 2015, Plaintiff filed his Second Amended Complaint ("Amended Complaint"). *Am. Compl.* [#60].  On July 21, 2015, Defendants U.S. REIF and CBRE filed a joint Answer to Plaintiff's Amended Complaint.  *Answer* [#71].  Trial is scheduled to begin on April 25, 2016.  *Scheduling Order* [#45] at 9.

On February 25, 2016, two months prior to trial, Defendants U.S. REIF and CBRE filed the present Motion requesting leave to file a third-party complaint.  *Motion* [#111].  The proposed third-party complaint asserts three claims against Litter Management Services, Inc. ("Litter Management"): breach of contract, negligence, and contribution.  *Third Party Complaint* [#111-1] ¶¶ 8-26.  Defendants argue that leave should be granted here because the proposed Third Party Defendant, Litter Management, "may be liable to U.S. REIF and CBRE for all or part of the damages complained of in [the Amended Complaint.]"  *Motion* [#111] ¶ 3.  Defendants concede that this request is being made after the April 19, 2015 deadline to join parties in the Court's Scheduling Order, *see Scheduling Order* [#45] at 7, but aver that such a request is nevertheless appropriate "because Litter Management recently denied US REIF and CBRE's requests for indemnification and enforcement of the Service Contract."  *Motion* [#111] ¶ 6.

In response, Defendant Dillon argues that allowing the filing of the Third Party Complaint would result in "unnecessary confusion, complication of the issues, prejudice, expense, and delay" and would "necessarily imperil[] the trial date."  *Response* [#120] at 6.  Defendant Dillon also contends that, on the other hand, Defendants U.S. REIF and CBRE would not be prejudiced by denial of the Motion, as they would "remain free to

institute a separate action for contribution or for indemnity against Litter Management[.]" *Id.*

## II. Analysis

As a preliminary matter, because Defendants U.S. REIF and CBRE have filed their request for leave outside the deadline prescribed by the Scheduling Order, they must establish good cause pursuant to Rule 16(b)(4). *Cf. Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir. 1990) (good cause required for parties seeking to add counterclaims after scheduling order deadline).

Pursuant to Rule 16(b)(4), the Court "may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." *Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotation marks and citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.").

If good cause is shown, the Court then considers any arguments raised by the parties under Rule 14(a)(1), which provides that if a party "files the third-party complaint more than 14 days after serving its original answer" then the "third-party plaintiff must, by motion, obtain the court's leave" to do so. The determination of whether to allow the filing of a third-party complaint lies within the sound discretion of the Court. *See First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992).

"The general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence, thus preventing a duplication of effort for the courts and serving the interests of judicial economy." *Patten v. Knutzen*, 646 F. Supp. 427, 429 (D. Colo. 1986).  Rule 14(a) "should be liberally construed to accomplish its purpose but it is not a catchall for independent litigation." *U.S. Fidelity & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968).  "Whether third-party defendants may be brought in and retained in the action is ordinarily a matter addressed to the sound discretion of the trial judge.  If impleading a third party defendant would require the trial of issues not involved in the controversy between the original parties without serving any convenience, there is no good reason to permit the third-party complaint to be filed." *U.S. Fidelity & Guar. Co.*, 388 F.2d at 773 (internal quotation and citation omitted); *see also Farmers & Merchs. Mut. Fire Ins. Co. v. Pulliam*, 481 F.2d 670, 673 (10th Cir. 1973).  However, "[a] timely motion for leave to implead a third party should be freely granted unless doing so 'would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'" *Am. Int'l Ins. Co. v. Cent. Sprinkler Co.*, No. 09-cv-02098-PAB-KMT, 2012 WL 1413106, at *1 (D. Colo. Mar. 31, 2010). (quoting *Saine v. A.I.A., Inc.*, 582 F. Supp. 1299, 1309 (D. Colo. 1984)).

Here, the Court finds that Defendants U.S. REIF and CBRE have failed to establish good cause pursuant to Rule 16.  Further, because filing the third-party complaint at such a late stage in the litigation would prejudice other parties – namely, Defendant Dillon[2] – and

---

[2] Although the Motion indicates that Plaintiff opposes the requested relief, Plaintiff has not filed a Response to the Motion, nor does it appear that he has otherwise joined in Defendant Dillon's Response.  *See Motion* [#111].

unduly complicate the trial, the Court also finds that leave should not be granted pursuant to Rule 14.  First, Defendants have not addressed Rule 16 and whether good cause exists; nonetheless, it is clear from the reasons they provide that none exists here.  Defendants seem to suggest that the third-party complaint could not have been filed earlier because Defendants were only informed by Litter Management's insurance carrier on December 20, 2015 that there was no coverage for this particular claim, and thus that Litter Management or its insurer would not pay should liability be determined in Plaintiff's favor.  *Reply* [#121] ¶ 6.  However, Defendants do not explain why no attempt was made earlier in this litigation to ascertain this information.  Further, this argument relates only to which party is responsible for Plaintiff's alleged damages should he prevail on his claims; in other words, this only relates to Defendants' proposed claim against Litter Management for breach of contract for failure to indemnify.  *See Third Party Complaint* [#111-1] ¶¶ 8-17.  However, Defendants' Third-Party Complaint also asserts a claim for negligence against Litter Management, in which they allege that "Litter Management . . . failed to exercise reasonable care in the placement of the trash can[.]" *Id.* ¶ 21.  But Defendants make no argument for why this negligence claim could not have been asserted prior to the deadline in the Scheduling Order.  Moreover, Defendants do not explain what, if any, "diligent" efforts were made to meet the relevant deadline.  *Pumpco*, 204 F.R.D. at 668.

Lastly, it is clear that allowing the filing of the Third Party Complaint would not only unduly complicate this matter but would also necessarily result in a delay of the trial.  *See Am. Int'l Ins.*, 2012 WL 1413106, at *1.  Hence, Defendants' Motion must also be denied under Rule 14(a)(1) as well.  The Court takes seriously its obligation to "construe[], administer[], and employ[]" the Federal Rules of Civil Procedure "to secure the just, speedy,

and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Mindful of this obligation, and for the reasons set forth above, the Court **denies** the Motion.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#111] is **DENIED**.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

Dated: April 6, 2016